*79
 
 PEARSON, J.
 

 The counsel for the plaintiff admit it to bo settled, as a general rule, by Cotton v. Beasly, 2 Murphy 250; Fisher v. Carroll, 6 Ired. Eq. 485; McKrea v. Morrison, 13 Ired. 46, that, in actions at law, it is .not competent for the plaintiff to prove, by his own oath, the loss of a negotiable instrument; but insist there should be an exception, when the amount is less than fifty dollars,'and put the argument on the ground, that, in such cases, Courts of Equity refuse to give relief. Courts of Law never permit their jurisdiction — or “the course of the Court” — to be controlled or influenced by what may or may not be done in other Courts ; they act upon general and fixed principles; their judgments are absolute, and cannot be moulded and framed to suit the exigencies of particular cases.
 

 Where there is a right, for which other Courts give no remedy, or an inadequate one, Courts of Equity have been accustomed to assume jurisdiction, “to prevent a failure of justicebut it is a hew idea, that Courts of Law take jurisdiction, because the plaintiff is “ without remedy, save in this honorable Court.’’
 

 The plaintiff says he has a right, and ought to have a remedy. What is his right ? Not to be paid in the same way as if he had not lost the note ; that would put the consequences of his negligence or misfortune upon the defendant : his right is to have the money paid, provided he will indemnify the defendant-. Courts of Law cannot enforce this right, for their judgments are absolute, and they cannot require an indemnity; so, if the plaintiff was allowed to prove the loss of - the note by his own oath, and to get judgment, and collect the money, and an endorsee should after-wards sue and recover the money a second time (the payment upon the first judgment is no bar), the defendant would have been forced by the judgment of a court to pay the debt twice, and have no remedy for the wrong : because .money paid upon a judgment can never be recovered back
 
 *80
 
 by an action at law. Courts of Law, therefore, cannot give a remedy, without subjecting defendants to the risk of paying the same debt a second time, and being left without any remedy over, which would be manifestly unjust. No ■Court of justice will ¡put.a defendant in such a predicament upon the mere oath of a plaintiff.
 

 On the other band, Courts of Equity can, by their decree, require an indemnity, and can thus “enforce the right;” for which reason they allow the loss to be proved by the oath of the plaintiff, and unless the execution or contents of the note are denied, will give relief.
 

 But, although this is the general rule, in order to discourage trivial suits, when “the play is not worth the candle,” and the institution of the suit indicates .a 'wanton passion ■for judicial contest, Courts of Equity have adopted -a rule, .not to take jurisdiction of a money demand for relief against .a judgment, if the amount is under fifty dollars, which is the average costs of suits in their Courts.
 

 If the plaintiff ..can make good his .cause of quarrel .«.gainst this rule of the Court of Equity, well. But he certainly has no .ground to complain, because the .Courts of Law refuse to .-aid. him, not on .account of a rule founded ¡upon convenience ,-and expediency, but for the substantial reason, that .they cannot-.onforce.a right.
 

 Judgment affirmed.